UNITED STATES DISTRICT COURT

DISTRICT OF CONNECTICUT

| | |
|---|---|
| GREENWICH TAXI, INC., ACE TAXI SERVICE, INC., CASINO CAB COMPANY, INC., CURTIN MOTOR LIVERY SERVICE, INC., EAST HARTFORD CAB COMPANY, INC., EXECUTIVE 2000 TRANSPORTATION, LLC, FARMINGTON VALLEY CAB, LLC, GROTON CAB COMPANY, INC., LASSE'S LIVERY SERVICE, INC., SUBURBAN TRANSPORTATION, INC., TAXICABS AND LIVERY COUNCIL OF CONNECTICUT, INC., THE WATERBURY YELLOW CAB & SERVICE COMPANY, INC., TORRINGTON VALLEY CAB, LLC, UNION-LYCEUM TAXI COMPANY, INC., and YELLOW CAB COMPANY OF NEW LONDON & GROTON, INC.<br>     Plaintiffs<br><br>v.<br><br>UBER TECHNOLOGIES, INC. and LYFT, INC.<br>     Defendants | C.A. No.: 3:14-cv-733 (AWT)<br><br><br><br><br><br><br><br><br><br><br><br><br><br><br><br><br><br>AUGUST 25, 2014 |

## JOINT RULE 26(F) REPORT OF PARTIES' PLANNING MEETING

Date Complaint Filed: May 21, 2014

Date Complaint Served:
    Uber Technologies, Inc. - Waiver of Service dated 6/5/2014 (Doc. 8)
    Lyft, Inc. - Waiver of Service dated 6/11/2014 (Doc. 22)

Date of Defendants' Appearances:

    Uber Technologies, Inc.
        6/11/2014 - Wiggin and Dana LLP - local counsel
        6/13/2014 - Quinn Emanuel Urquhart & Sullivan, LLP - first order granting
                motion to appear *pro hac vice*

1

Lyft, Inc.
    5/23/2014 - Bryan Cave LLP
    7/1/2014 - O'Brien, Tanski & Young LLP - local counsel

Pursuant to Fed. R. Civ. P. 16(b), 26(f) and D. Conn. L. Civ. R. 16, conferences were held on <u>July 14, 2014 and August 21, 2014</u>. The participants were:

Mary Alice Moore Leonhardt and William W. Kaliff of Rome McGuigan, P.C. for the Plaintiffs.

Melissa Fernandez, Arthur Roberts, and Amit B. Patel for Defendant, Uber Technologies, Inc.

Noah M. Weissman and Megan A. Pierson for Defendant, Lyft, Inc.

## I. Certification

The undersigned counsel certify that, after consultation with their clients, they have discussed the nature and basis of the parties' claims and defenses and any possibilities for achieving a prompt settlement or other resolution of the case and, in consultation with their clients, have developed the following proposed case management plan. Counsel further certify that they have forwarded a copy of this report to their clients.

## II. Jurisdiction

### A. Subject Matter Jurisdiction

This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1332, as there is complete diversity of citizenship between the parties and the amount in controversy exceeds $75,000.00.

Additionally, according to Plaintiffs, this Court has Federal Question jurisdiction pursuant to 28 U.S.C. § 1331 as this matter includes claims arising under the Lanham Act, 15 U.S.C. §§ 1051, *et seq.*, and the Racketeer Influenced and Corrupt Organizations Act ("**RICO**") 18 U.S.C. §§ 1961, *et seq. See also*, 15 U.S.C. § 1121 and 18 U.S.C. § 1964. Further, according to Plaintiffs, pursuant to 28 U.S.C. § 1367, this Court has supplemental jurisdiction over Plaintiffs' state law claims, brought under the Connecticut Unfair Trade Practices Act

("**CUTPA**"), Connecticut General Statutes ("**Conn. Gen. Stat.**") §§ 42-110a, *et seq.*, and Connecticut common law, as those claims are so related to other claims in this action that they form part of the same case or controversy.

### B. Personal Jurisdiction

Personal jurisdiction is not contested.

## III. Brief Description of Case

### A. Plaintiffs' Position as to Their Claims:

The Plaintiffs provide taxi and livery dispatch services and lease taxicab and livery authorities to drivers who operate taxicab and livery vehicles in order to provide transportation services to consumers throughout the State of Connecticut, and assert that they have invested substantial capital in complying with a compendium of federal, state and local laws, regulations and rules developed over the last 90 years, which protect customers, ensure public safety, and provide non-discriminatory service. The Defendants are foreign corporations who, in or about April 24, 2014, commenced providing taxi and livery dispatch and transportation services to consumers in Connecticut through the use of smart phone applications and without complying with such taxi and livery related federal, state and local laws, regulations and rules.

In brief summary, Plaintiffs contend that a potential customer of one of the Defendants pre-registers with such Defendant, which includes providing personal information, such as credit card information against which future charges for such Defendant's services will be charged. The registered customer is required to sign a waiver of liability form, which includes the Defendant and its drivers. Thereafter, such customer utilizes the applicable Defendant's smart phone application to electronically hail or otherwise request transportation services from a driver registered with and designated by the Defendant to provide taxi or livery transportation in a

3

vehicle operated by the driver. Said Defendant's out-of-state-computer system, *inter alia*, then selects the associated vehicle to provide such services, displays the driver's name and photograph of such vehicle on the customer's smart phone and sends a text message to the customer with the driver's projected arrival time and mobile phone number. Further, Defendants' computer systems also calculate the fare or amount to be charged for such transportation services and charge customers credit cards. The fare varies and does not comport with the state regulated and approved rates of fare.

Plaintiffs further assert that Connecticut's taxi and livery regulations use three fundamental methods of ensuring that taxi and livery service is safe, reliable and non-discriminatory. First, the Connecticut Department of Transportation ("**DOT**") issues a finite number of taxi Certificates and livery Permits. Second, every person who operates a taxicab or livery vehicle must first apply for and obtain the authority to operate a taxi or livery vehicle in compliance with statutory and regulatory criteria purporting to protect the consuming public. Third, every lessee or driver must comply with extensive rules of conduct promulgated by the State of Connecticut (for example, requirements for dealing with handicapped passengers, allowed fares and charges, anti-discrimination requirements, and prohibitions on cell phone use). The Connecticut Department of Motor Vehicles ("**DMV**") also mandates vehicle safety rules, specifications and operational requirements.

Plaintiffs' allege, *inter alia*, that Defendant-affiliated vehicles are now functioning as roving conveyances for hire in Connecticut, and are assigned in response to an "electronic hail." The Defendants, however, do not comply with any of the above-referenced licensure, licensing, certification and permitting requirements of the Connecticut DOT and DMV, thereby, *inter alia*, undermining critical safety provisions of Connecticut taxi and livery laws and gaining an unfair

4

advantage over the Plaintiffs and even lawfully operating smartphone applications. Among other things, Plaintiffs also assert: that Defendant-affiliated vehicles do not have the same pre-service and ongoing inspection standards for age, condition, equipment, lack of damage and cleanliness that is required by the State of Connecticut; that Defendants do not require that their drivers meet minimum physical and driving record standards required by endorsement classifications; that Defendants do not adhere to the minimum insurance requirements, instead securing only excess surplus lines policies from an insurance carrier not admitted or subject to the jurisdiction of any state's insurance commission, which policies cover Defendants and not any third parties, such as their drivers--leaving the onus on the drivers to ascertain insurance coverage, even though most personal auto policies have exclusions for the commercial use of vehicles; that Defendants do not adhere to Connecticut's regulations concerning anti-discrimination and refusal to pick-up; and that Defendants charge illegal, unapproved and non-uniform fares. Plaintiffs also allege, *inter alia*, that Defendants have utilized, enlisted, associated themselves with and/or otherwise partnered with taxi and livery drivers operating legally under the authority of one or more of the Plaintiffs and that such drivers, while working for their authorized taxi or livery company, pick-up Defendants' customers and by-pass use of the authorized fare meter and/or the taxi or livery company credit card system.

Based upon the allegations in their complaint, Plaintiffs have asserted causes of action for: (i) misrepresentation of services in violation of the Lanham Act, 15 U.S.C. § 1125(a)(1)(A) and (B); (ii) unfair and deceptive trade practices in violation of the CUTPA, Conn. Gen. Stat. §§ 42-110a, *et seq.*; intentional interference with contractual relationships; and violation of various sections of the RICO Act, 18 U.S.C. § 1962(a), (b) and (c). As a result of these violations, Plaintiffs seek, *inter alia*, damages, including punitive damages, and injunctive relief.

*Rome McGuigan, P.C.* • *Attorneys at Law*
One State Street • Hartford, Connecticut 06103-3101 • (860) 549-1000 • Fax (860) 724-3921 • Juris No. 27726

**B.     Defendants' Position as to Their Defenses and Claims (Counterclaims, Third Party Claims, Cross Claims):**

Plaintiffs are taxi and livery companies operating in Connecticut that allege that Defendants unfairly compete with them by offering a new ride sharing option through mobile-phone applications. But there is nothing unfair or illegal about what Defendants do. This lawsuit is merely an attempt by Plaintiffs to use the courts to stifle competition, and to destroy a business that provides useful services to consumers frustrated with outdated transportation options.

Plaintiffs' primary complaint is that Defendants do not comply with state statutes and regulations promulgated by the Connecticut Department of Transportation that govern the taxi and livery industry. But Plaintiffs do not have standing to enforce these statutes and regulations or to bring private causes of action based upon them. Nor do they apply to Defendants' business operations. The Plaintiffs attempt to use "backdoor" methods of enforcing these statutes and regulations by invoking a variety of legal claims that have no application to their alleged grievances. Further, even if these statutes or regulations were applicable, Plaintiffs' causes of action are insufficiently pled. Defendants expect that they will advance affirmative defenses applicable to any claims remaining after their planned motions to dismiss.

**C.     Defenses and Claims of Third Party Defendant/s: Statement of Undisputed Facts:**

As of the date hereof, there are no third-party defendants in this case.

**IV.     Statement of Undisputed Facts**

Counsel certify that they have made a good faith attempt to determine whether there are any material facts that are not in dispute. Counsel agree that as of the date hereof, it is too early for a meeting of the minds as to the facts that will or will not be in dispute.

6

## V. Case Management Plan

### A. Standing Order on Scheduling in Civil Cases

1. The parties request modification of the deadlines in the Standing Order on Scheduling in Civil Cases in accordance with the timeframes set forth below.

2. The parties will disclose information required by Rule 26(a)(1) within sixty (60) days of the filing of an amended complaint.

### B. Scheduling Conference with the Court

The parties do not request a pretrial conference with the Court before entry of a scheduling order pursuant to Fed. R. Civ. P. 16(b).

### C. Early Settlement Conference

1. The parties certify that they have considered the desirability of attempting to settle the case before undertaking significant discovery or motion practice. Settlement is unlikely at this time.

2. The parties do not request an early settlement conference. The parties will jointly advise the Court if they seek a settlement conference later in this litigation.

3. If an early or other settlement conference is ordered, the parties prefer a settlement conference with the presiding judge.

4. At this time, the parties do not request a referral for alternative dispute resolution pursuant to D. Conn. L. Civ. R. 16.

### D. Joinder of Parties and Amendment of Pleadings

1. Plaintiffs shall be allowed until **September 15, 2014** to join additional parties and/or to file any amended pleadings.

7

2.  Defendants shall be allowed until **October 15, 2014 or 60 days after the filing of any amended pleading by Plaintiffs, whichever is later,** to join additional parties. Defendants shall not be required to respond to Plaintiffs' original complaint until **October 15, 2014** [30 days after September 15, 2014] or 60 days following the filing of any amended pleadings, whichever is later.

### E.  Discovery

a.  Plaintiffs anticipate that discovery will be needed on the following subjects:

1.  All subjects and issues arising out of the allegations and claims set forth in Plaintiffs' Complaint, including, *inter alia*:

(i)  Defendants' procedures, methods, criteria, qualifications, systems and/or computer programs concerning: registering prospective customers; retaining, qualifying and/or associating with drivers and vehicles to provide transportation services by, for or on behalf of Defendants; calculating fares and/or pricing for services provided; the initiation of, selection of and dispatching of drivers/vehicles; the billing of and collection of payments from customers; the calculation and collection of any other fees and gratuities; and disbursement of payments, fees and gratuities by Defendants, including, *inter alia*, to drivers.

(ii)  Defendants' solicitation of, enlistment of, retention of, association with and/or partnering with drivers and/or prospective drivers to provide transportation services for or on behalf of either of them.

(iii)  Defendants' solicitations and/or advertising of services to prospective customers and drivers.

8

    (iv) Issues concerning Defendants' training, policies, inspections, supervision, background checks and ongoing monitoring of drivers and vehicles utilized to provide transportation services to Defendants' customers;

    (v) Defendants' provision of services and/or activities in Connecticut, including, *inter alia*, whether or not either of them complies with applicable federal, state and/or local laws, regulations and rules relating to taxi and/or livery services.

    (vi) Alerts, warnings, citations and/or any other notices of violations directed to either of the Defendants by any government, government agency or department and/or other enforcement authority concerning Defendants' failure to comply, in any way, with any federal, state or local law, regulation or rule regarding transportation services and/or otherwise related to the Defendants provision of services or business activities.

    (vii) Agreements, including, *inter alia*, terms of service, waivers and user agreements, by and between either of the Defendants and: (a) customers or prospective customers; and/or (b) drivers or prospective drivers.

    (viii) Insurance, including, *inter alia*, any policies held by either of Defendants concerning transportation services and Defendants' requirements for and monitoring of policies held by drivers or prospective drivers.

    (ix) Damages incurred by Plaintiffs resulting from Defendants activities, including, *inter alia*, lost profits of Plaintiffs and revenues and profits of Defendants, as well as the assets and incomes of Defendants with respect to punitive damages.

*Rome McGuigan, P.C.* • *Attorneys at Law*
One State Street • Hartford, Connecticut 06103-3101 • (860) 549-1000 • Fax (860) 724-3921 • Juris No. 27726

  b. Defendants contend that Plaintiffs' anticipated discovery is overly broad and unduly burdensome. Additionally, Defendants contend that it is premature to determine to scope of appropriate discovery, especially in light of Plaintiffs' plan to amend the Complaint and Defendants' anticipated motions to dismiss.

  c. All discovery, including depositions of expert witnesses pursuant to Fed. R. Civ. P. 26(b)(4), will be completed (not propounded) by **May 2, 2016**.

  d. No parties will be required to submit substantive responses and/or produce documents in response to discovery requests prior to **December 15, 2014**, though the parties may propound discovery requests before then. Notwithstanding the foregoing, the parties shall serve objections, if any, within thirty (30) days of discovery being propounded, and should any party believe that discovery is necessary with respect to a motion for preliminary injunctive relief or a motion to dismiss, they may apply to the court for leave to obtain that discovery. The parties agree that they will make good faith efforts to serve substantive responses or to commence service of responses by December 15, 2014, with respect to discovery requests served on them prior to October 15, 2014, and the party serving such discovery requests shall be entitled to object to any motion to extend the time to respond beyond December 15, 2014.

  e. At present, Plaintiffs anticipate that they will require a total of 20 depositions of fact witnesses. The Defendants do not presently know the anticipated total number of depositions required since such total is contingent upon the allegations made in Plaintiffs amended pleading and any claims that remain after the Defendants' planned motions to dismiss. The parties reserve the right to add depositions as the evidence in discovery should so require. The depositions will be completed by **April 1, 2016**.

  f. The parties may request permission to serve more than 25 interrogatories.

*Rome McGuigan, P.C.* • *Attorneys at Law*
One State Street • Hartford, Connecticut 06103-3101 • (860) 549-1000 • Fax (860) 724-3921 • Juris No. 27726

g.  The Plaintiffs **intend** to call expert witnesses at trial. The Plaintiffs will designate all trial experts and provide opposing counsel with reports from retained experts pursuant to Fed. R. Civ. P. 26(a)(2) by **December 4, 2015**. Depositions of any such experts will be completed by **February 19, 2016.**

h.  Defendants **intend** to call expert witnesses at trial. Defendants will designate all trial experts and provide opposing counsel with reports from retained experts pursuant to Fed. R. Civ. P. 26(a)(2) by **February 26, 2016**. Depositions of such experts will be completed by **April 23, 2016**.

i.  A damages analysis will be provided by any party who has a claim or counterclaim for damages by **December 4, 2015.**

j.  All counsel have agreed that they will work together in good faith to submit to the Court for its approval a separate order regarding disclosure and preservation of electronically stored information.

k.  Undersigned counsel have discussed discovery procedures that minimize the risk of waiver of privilege or work-product protection, including procedures for asserting privilege claims after production.  The parties agree to create a procedure for the retrieval of inadvertently produced privileged documents and information.

l.  The parties anticipate that information considered by a party to be confidential, proprietary or a trade secret may be subject to production or disclosure during the course of discovery in this matter.  As such, the parties agree that they will work in good faith to submit to the Court for its approval and order a mutually agreed upon protective order to protect trade secret information and confidential/proprietary business or other sensitive information from improper or inadvertent use and/or disclosure.

*Rome McGuigan, P.C.* • *Attorneys at Law*
One State Street • Hartford, Connecticut 06103-3101 • (860) 549-1000 • Fax (860) 724-3921 • Juris No. 27726

      m.    The parties agree to accept electronic service of documents and communications pursuant to Rule 5(b)(2)(E) of the Federal Rules of Civil Procedure.

      n.    In the event that Plaintiffs seek and obtain preliminary injunctive relief pending a judgment on the merits, the parties shall expedite the above schedule so as to minimize any undue harm to Defendants should Defendants ultimately prevail on the merits and will submit a modified discovery schedule to be ordered by the Court. If the parties cannot agree to the parameters of the expedited discovery schedule, the parties will each submit a proposed expedited discovery schedule to the Court for its consideration.

### F. Dispositive Motions:

Dispositive motions will be filed on or before **July 1, 2016**. The parties acknowledge Judge Thompson's use of pre-argument conferences for dispositive motions.

### G. Joint Trial Memorandum

The joint trial memorandum required by the Standing Order on Trial Memoranda in Civil Cases will be filed within sixty (60) days after the entry of the ruling on the last dispositive motion. If dispositive motions are not filed, the joint trial memorandum required by the Standing Order on Trial Memoranda in Civil Cases will be filed on or before **July 1, 2016**.

## VI. TRIAL READINESS

The case will be ready for trial no sooner than **August 1, 2016**.

As officers of the Court, undersigned counsel agree to cooperate with each other and the Court to promote the just, speedy and inexpensive determination of this action.

12

*Rome McGuigan, P.C.* • *Attorneys at Law*
One State Street • Hartford, Connecticut 06103-3101 • (860) 549-1000 • Fax (860) 724-3921 • Juris No. 27726

| | |
|---|---|
| PLAINTIFFS,<br>GREENWICH TAXI, INC., ET AL. | DEFENDANT,<br>UBER TECHNOLOGIES, INC. |

PLAINTIFFS,
GREENWICH TAXI, INC., ET AL.

By: _____/s/_____
Mary Alice Moore Leonhardt (ct02966)
Moore Leonhardt & Associates LLC
102 Oak Street
Hartford, CT 06106
Tel.: (860) 549-1000
Fax: (860) 724-3921
mmooreleonhardt@rms-law.com

Glenn E. Coe (ct05372)
William W. Kaliff (ct03565)
Rome McGuigan, P.C.
1 State Street, 13th Floor
Hartford, CT 06103
Tel.: (860) 549-1000
Fax: (860) 724-3921
gcoe@rms-law.com
wkaliff@rms-law.com

DEFENDANT,
UBER TECHNOLOGIES, INC.

By: _____/s/_____
Stephen A. Swedlow
Quinn Emanuel Urquhart & Sullivan, LLP
500 West Madison St., Suite 2450
Chicago, Illinois 60661
Tel: (312) 705-7400
Fax: (312) 705-7401
stephenswedlow@quinnemanuel.com

Kevin M. Smith
Wiggin & Dana
One Century Tower
265 Church Street P.O. Box 1832
New Haven, CT 06508-1832
Tel: (203) 498-4579
Fax: (203) 782-2889
ksmith@wiggin.com


DEFENDANT,
LYFT, INC.

By: _____/s/_____
Noah M. Weissman (ct28473)
Mary Beth Buchanan, *pro hac vice*
Megan A. Pierson, *pro hac vice*
Bryan Cave LLP
1290 Avenue of the Americas
New York, New York 10104
Tel: (212) 541-2298
Fax: (212) 541-4630
nmweissman@bryancave.com
mbuchanan@bryancave.com
megan.pierson@bryancave.com

*Rome McGuigan, P.C.* • *Attorneys at Law*
One State Street • Hartford, Connecticut 06103-3101 • (860) 549-1000 • Fax (860) 724-3921 • Juris No. 27726

## CERTIFICATION

I hereby certify that on this 25th day of August, 2014, a copy of the foregoing was filed electronically and served by mail on anyone unable to accept electronic filing. Notices of this will be sent by e-mail to all parties by operation of the Court's electronic filing system or by mail to parties unable to accept electronic filing as indicated on the Notice of Electronic Filing. Parties may access this filing through the Court's CM/ECF System.

/s/
William W. Kaliff

KV6588

14

*Rome McGuigan, P.C.* • *Attorneys at Law*
One State Street • Hartford, Connecticut 06103-3101 • (860) 549-1000 • Fax (860) 724-3921 • Juris No. 27726