# Appendix 1



## SUPERIOR COURT OF CALIFORNIA
## COUNTY OF SAN FRANCISCO

# Document Scanning Lead Sheet

Dec-09-2014 2:50 pm

Case Number: CGC-14-543113

Filing Date: Dec-09-2014 2:50

Filed by: YOLANDA MAZARIEGOS

Juke Box: 001    Image: 04716290

TEXT JUDGMENT

THE PEOPLE OF THE STATE OF CALIFORNIA VS. LYFT, INC. A DELAWARE CORPORATION

001C04716290

**Instructions:**
Please place this sheet on top of the document to be scanned.

```
GEORGE GASCÓN, SBN 182345
District Attorney of San Francisco
JUNE D. CRAVETT, SBN 105094
Managing Assistant Chief District Attorney
EVAN H. ACKIRON, SBN 164628
Assistant District Attorney
NANCY TUNG, SBN 203236
Assistant District Attorney
ERNST A. HALPERIN, SBN 153493
Assistant District Attorney
GREGORY M. ALKER, SBN 204838
Assistant District Attorney
PHOEBE MAFFEI, SBN 271346
Assistant District Attorney
732 Brannan Street
San Francisco, California 94103
Telephone: (415) 551-9560

JACKIE LACEY, SBN 110808
District Attorney of the County of Los Angeles
STANLEY P. WILLIAMS, SBN 106658
Head Deputy District Attorney
HOON CHUN, SBN 132516
Assistant Head Deputy District Attorney
JEFFREY A. MCGRATH, SBN 131702
Deputy District Attorney
201 N. Figueroa Street, Suite 1200
Los Angeles, CA 90012
```

*Attorneys for Plaintiff,*
The People of the State of California

**FILED**
San Francisco County Superior Court
DEC -9 2014
CLERK OF THE COURT
BY: _____ Deputy Clerk

SUPERIOR COURT OF THE STATE OF CALIFORNIA
CITY AND COUNTY OF SAN FRANCISCO
UNLIMITED JURISDICTION

CGC-14-543113

| | |
|---|---|
| THE PEOPLE OF THE STATE OF CALIFORNIA,<br><br>Plaintiff,<br><br>vs.<br><br>LYFT, INC.; a Delaware Corporation.<br><br>Defendant. | Case No.<br><br>**STIPULATED JUDGMENT AND PERMANENT INJUNCTION** |

STIPULATED JUDGMENT AND PERMANENT INJUNCTION - 1

Plaintiff, the People of the State of California, represented by George Gascón, District Attorney for the City and County of San Francisco and Jackie Lacey, District Attorney for the County of Los Angeles, and Defendant Lyft, Inc., (hereinafter "Defendant" or "Lyft"), represented by Rachael E. Meny of Keker & Van Nest LLP, having stipulated to entry of this Stipulated Final Judgment and Permanent Injunction (hereinafter "Stipulated Judgment") without the taking of proof and without this judgment constituting evidence of or an admission by any party regarding any issue of law or fact alleged in the complaint, all parties having waived the right to appeal, and good cause appearing,

IT IS HEREBY ORDERED, ADJUDGED AND DECREED THAT:

1. The Court has jurisdiction of the parties hereto and the subject matter hereof.

2. The District Attorneys for the City and County of San Francisco and the County of Los Angeles have the authority, and have exercised the authority, under the laws of the State of California to maintain this action for and on behalf of the People of the State of California concerning the conduct alleged in the Complaint.

3. This Stipulated Judgment entered into by the parties has been reviewed by the Court, and the Court finds that it has been entered into in good faith and is in all respects just, reasonable, equitable and adequate.

## PERMANENT INJUNCTION

4. The injunctive provisions of this Stipulated Judgment shall be applicable to Defendant as well as its subsidiaries, its successors and the assigns of all or substantially all the assets of its business, including but not limited to Lyft, Lyft Plus, and Lyft Line services (collectively "Lyft Services"); its directors, officers, employees and agents; and to all persons, corporations and other entities acting in concert or in participation with any of them with actual or constructive knowledge of this Stipulated Judgment.

5. Pursuant to Business and Professions Code sections 17203 and 17535, Defendant is hereby subject to the following mandatory and prohibitory injunctive provisions related to its technology used to calculate fares:

A. Upon entry of this Stipulated Judgment, Defendant shall comply with California Business and Professions Code section 12500.5 for its current technology and any future measuring or counting technology used to calculate fares for Lyft Services in California (collectively "Technology").

B. Defendant shall submit its Technology to the California Department of Food and Agriculture's Division of Measurement Standards ("DMS") for evaluation and approval under California's Business and Professions Code 12500 *et seq*. Defendant shall cooperate in good faith with DMS during this evaluation and approval process.

C. Notwithstanding paragraph 5(A), while the Technology is undergoing evaluation and approval by DMS, Defendant's use of the Technology shall not constitute a violation of this Stipulated Judgment. Once DMS issues a final decision on the Technology, Defendant's subsequent use of the Technology in any manner inconsistent with that decision shall constitute a violation of this Stipulated Judgment beginning 60 calendar days after Defendant's receipt of the DMS decision, unless Defendant obtains relief therefrom.

D. While Defendant's current Technology is undergoing evaluation and approval by DMS, Defendant shall represent to consumers that any calculation of fares for Lyft Services in California has not yet been evaluated and/or approved by DMS.

E. Notwithstanding paragraph 5(A), other than in a proceeding brought by Plaintiff pursuant to Business and Professions Code sections 17200 or 17207 or in further proceedings brought by Plaintiff before this Court to enforce this Stipulated Judgment, Defendant retains any and all rights to dispute the applicability of Business and Professions Code section 12500.5 in any proceeding, including any proceeding appealing, reviewing, or seeking relief from a final decision by DMS regarding the Technology.

F. Nothing in this Stipulated Judgment purports to limit, enhance, alter or modify any of the California Department of Food and Agriculture's enforcement capabilities or rights.

6. Pursuant to Business and Professions Code sections 17203 and 17535, Defendant is hereby subject to the following mandatory and prohibitory injunctive provisions related to its

representations to the California public about its criminal history background checks for California drivers ("the California Background Checks"):

    A. Defendant shall not make any false or misleading representation, expressly or by implication or material omission, to any consumer, whether in the form of a comparison or otherwise, regarding the California Background Checks.

    B. In any representation made by Defendant to consumers regarding the California Background Checks:

        (1) Defendant shall not list any offense type that does not result in automatic disqualification as a Lyft driver.

        (2) Defendant shall not represent that it screens against arrests for any instances where Defendant actually screens only against convictions.

        (3) Defendant shall identify the time period covered by its background check report or, if shorter, any time period used for disqualification purposes.

    C. Defendant shall not use terms such "best available," "industry leading," or "gold standard," in connection with any description of the California Background Checks, or in connection with any description of its efforts to ensure rider safety which expressly or by implication includes or refers to the California Background Checks, unless Defendant utilizes the most comprehensive and technologically advanced background check process that is available to screen drivers of vehicles for hire anywhere in California.

7. Pursuant to Business and Professions Code sections 17203 and 17535, Defendant is hereby subject to the following mandatory and prohibitory injunctive provisions related to operations at California airports:

    A. Defendant shall not permit, encourage, assist or enable Lyft drivers to conduct operations on the property of or into any California airport unless such operation is expressly authorized by the airport authority involved.

    B. Defendant shall take the following actions to ensure that Lyft drivers do not conduct operations on the property of or into any California airport unless such operation is

STIPULATED JUDGMENT AND PERMANENT INJUNCTION - 4

expressly authorized by the airport authority involved:

(1) Defendant shall inform all California Lyft drivers by email, on a conspicuous portion of any website of Defendant utilized for California Lyft drivers, and in any terms and conditions specifically applicable to California drivers, not to conduct operations on the property of or into any airport in California unless such operation is expressly authorized by the airport authority involved. In all such communications other than the terms and conditions, Defendant shall list the California airports where operation is not currently expressly authorized.

(2) Defendant shall not reimburse drivers for any citations received for operating without authorization at any California airport where Defendant has not yet received express authorization to operate at the airport, if those citations are received after Defendant must implement this paragraph as set forth in paragraph 7(C).

(3) Defendant shall implement geo-fence technology (a virtual perimeter for the property line surrounding the airport) to prevent riders from requesting a ride pick up through the Lyft Services from any California airport where the Defendant has not obtained express authorization to conduct operations.

(4) Defendant shall deactivate the account of any Lyft driver who conducts unauthorized operations at any California airport within ten (10) days after Defendant receives actual notice of the driver's third unauthorized Lyft trip to any California airport. Actual notice includes any information within Defendant's systems indicating that a driver has either picked up or dropped off a passenger at an airport where Defendant has not obtained express authorization to conduct operations.

C. Defendant shall implement the provisions of Paragraphs 7(A) and 7(B) within one hundred eighty (180) days after entry of this Stipulated Judgment. Notwithstanding the foregoing, if any California airport has issued or issues a cease-and-desist letter to Defendant, Defendant shall promptly comply with all demands to cease airport operations specified in the letter and shall implement the applicable measures set forth in Paragraphs 7(A) and 7(B) with respect to that particular California airport.

D. Other than in a proceeding brought by Plaintiff pursuant to Business and Professions Code sections 17200 or 17207 or in further proceedings brought by Plaintiff before this Court to enforce this Stipulated Judgment, Defendant retains any and all legal rights and defenses with respect to issues related to Lyft's California airport operations.

E. Nothing in this Stipulated Judgment purports to limit, waive, alter or modify the legal rights of or the ability of any California airport authority to enforce its rules and regulations.

F. In any proceeding brought by Plaintiff pursuant to Business and Professions Code sections 17200 or 17207 or in further proceedings brought by Plaintiff before this Court to enforce this Stipulated Judgment, Defendant shall have the burden of proving by a preponderance of the evidence any claim it makes that Defendant has obtained express authorization to operate at an airport.

8. Within four (4) years after entry of this Stipulated Judgment, Plaintiff's counsel may make reasonable requests to Defendant for information showing its compliance with any provision(s) of the injunctive terms of this Stipulated Judgment. Defendant shall furnish such information within thirty (30) days after the request is made, or within the time period specified in any other paragraph of this Stipulated Judgment, whichever is shorter, unless another date is agreed upon in writing.

## CIVIL PENALTIES

9. Defendant shall pay, pursuant to Business and Professions Code sections 17206 and 17536, a civil penalty in the sum of Five Hundred Thousand Dollars ($500,000.00), which sum shall be paid as follows:

A. Two Hundred Fifty Thousand Dollars ($250,000.00) shall be paid 30 days after the date of entry of this Stipulated Judgment (hereinafter "First Payment"). Pursuant to Government Code section 26506, the First Payment shall be allocated as follows: One Hundred Twenty-Five Thousand Dollars ($125,000.00) to the San Francisco District Attorney's Office; and One Hundred Twenty-Five Thousand Dollars ($125,000.00) to the Los Angeles County District Attorney's Office.

1    B. An additional Two Hundred And Fifty Thousand Dollars ($250,000.00) shall be
2 paid four hundred fifty (450) days after the date of entry of this Stipulated Judgment (hereinafter
3 "Second Payment"), subject to paragraph 10(F) below. If the 450th day falls on a weekend or
4 holiday, the Second Payment shall be made on the first business day after the 450th day. Pursuant
5 to Government Code section 26506, the Second Payment shall be allocated as follows: One
6 Hundred Twenty-Five Thousand Dollars ($125,000.00) to the San Francisco District Attorney's
7 Office; and One Hundred Twenty-Five Thousand Dollars ($125,000.00) to the Los Angeles
8 County District Attorney's Office.

9    C. Plaintiff shall permanently stay payment of the Second Payment if it determines,
10 in good faith, that Defendant has complied with this Stipulated Judgment after the date of the entry
11 of the Stipulated Judgment.

12    D. Three hundred sixty five (365) days after entry of this Stipulated Judgment, or the
13 first business day thereafter if the 365th day falls on a weekend or holiday, Defendant shall provide
14 Plaintiff with the following information to enable Plaintiff to make a determination whether
15 payment of the Second Payment shall be stayed:

16    (1) A certification under penalty of perjury by Defendant's Chief Executive
17 Officer that, to the best of his knowledge, Defendant has fully complied with each of the terms and
18 conditions of this Stipulated Judgment;

19    (2) A copy of every representation concerning the California Background
20 Checks made by Defendant in a corporate publication or statement, or made by any Lyft
21 designated spokesperson, authorized agent, or executive, since entry of this Stipulated Judgment;

22    (3) A copy of every representation concerning or relating to Lyft's ability to
23 operate at California airports made by Defendant in a corporate publication or statement, or made
24 by any Lyft designated spokesperson, authorized agent, or executive, since entry of this Stipulated
25 Judgment;

26 ///
27 ///

STIPULATED JUDGMENT AND PERMANENT INJUNCTION - 7

1               (4)  A list of all California airports where Defendant has operated at any time
since entry of this Stipulated Judgment and evidence sufficient to show the express authorization
provided to Lyft to operate at those airports;

                (5)  A copy of all cease-and-desist letters received by Defendant from a
California airport and, for each such cease-and-desist letter received, a statement describing the
measures taken by Defendant to comply with the terms of paragraph 7(B) of this Stipulated
Judgment for that airport, and a statement of the number of trips to that airport made by Lyft
drivers after Defendant received the cease-and-desist letter, or after the date of entry of this
Stipulated Judgment, whichever is later;

                (6)  Within 15 days after receiving the information in items (1) through (5),
Plaintiff will notify Defendant if it requests any additional information that is reasonably
necessary to determine compliance with this Stipulated Judgment. If any such information is
requested by Plaintiff, Defendant will provide such information to Plaintiff within thirty (30)
business days of the request.

        E.  Defendant shall make the Second Payment on the date specified in Paragraph
10(B) above, unless notified by Plaintiff in writing that the Second Payment has been permanently
stayed.

        F.  In the event that Defendant disputes whether Plaintiff's determination in
paragraph 10(C) was reasonable, Defendant may seek review from this Court of Plaintiff's
determination by paying the Second Payment into escrow with this Court and making a motion
with this Court for review of Plaintiff's determination. In any such review, Defendant shall have
the burden of proving by preponderance of the evidence that Plaintiff's determination was
unreasonable.

        10.  The Second Payment shall not affect Plaintiff's right to seek enforcement of this
Stipulated Judgment by the Court, penalties for violations of this Stipulated Judgment, and any
other remedy at law or in equity, including but not limited to the right to file a new action under
Business and Professions Code sections 17200, 17207, 17500 or 17537 for violations occurring

after the date of entry of this Stipulated Judgment.

11. All payments required to be paid pursuant this Stipulated Judgment shall be sent to the San Francisco District Attorney's Office, Attention June D. Cravett, 732 Brannan Street, San Francisco, California 94103.

### RETENTION OF JURISDICTION, ATTORNEYS' FEES, FILING FEES

12. Jurisdiction is retained by the Court for the purpose of enabling Plaintiff or Defendant to apply to the Court at any time for such further orders and directions as are necessary or appropriate for the carrying out of this Stipulated Judgment, the enforcement of compliance with this Stipulated Judgment, the punishment of violations of this Stipulated Judgment, or for such other and further orders as may be required to modify or to carry out any of the terms of this Stipulated Judgment.

13. Reasonable attorneys' fees incurred by Plaintiff as a result of any violation of this Stipulated Judgment, if such violation is proven in a court of law, shall be recoverable as costs pursuant to California Code of Civil Procedure sections 685.040 and 1033.5(a)(10)(A).

14. Defendant shall pay all filing fees associated with its appearance in this action.

### EFFECTIVE DATE

15. This Stipulated Judgment shall take effect immediately upon entry thereof, without further notice to Defendant.

16. The clerk is ordered to enter this Stipulated Judgment forthwith.

DATED: DEC. 9, 2014

_____
JUDGE OF THE SUPERIOR COURT
HARRY DORFMAN